**HE YUN FANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Attorney General, Respondent.**

**No. 05–76786.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed March 30, 2009.

Jarrett A. Green, Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, CA, for Petitioner.

He Yun Fang, Santa Barbara, CA, pro se.

U.S. Department of Justice, Washington, DC, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

---

\* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed.

R.App. P. 43(c)(2).

## MEMORANDUM **

He Yun Fang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") order denying him asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ concluded that Fang had not testified credibly about his fear of future persecution if he were removed to China.

Fang described his home town in China as being a small town where everyone knew everyone else's business. He testified he fled after he and his wife were discovered harboring North Korean refugees, and that although he paid $15,000 to leave China and travel through many countries en route to the United States, he never made any arrangement for his wife and child to leave China. He was seemingly unconcerned about their welfare, despite the fact that they should have been in great danger had his story been true, because "everyone" in town, including the authorities, should have known about his wife's harboring activities.

The IJ concluded that Fang's inaction on his wife's behalf, and his leaving China alone when he had the resources to bring her out as well, "undercut[ ] the credibility of his allegation of any harm from the Chinese authorities." Fang was given a chance to explain the inconsistency between leaving his wife behind and then claiming she was in danger, but he never did so. *See Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000). The IJ instead credited Fang's admission that he came to the United States for economic reasons:

"[T]o develop his potential like he had seen other individuals from his home town do."

The IJ also identified, as a specific instance of inconsistency undermining Fang's credibility, his statement that he had never used any name other than his own, as contrasted with later statements in which he described traveling through different countries under an assumed name.

Because the adverse credibility finding is supported by substantial evidence, Fang is not entitled to relief.

The Petition for Review is **DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

